ROTT v. FORTY-SECOND ST. & G. ST. F. R. CO.

(*Superior Court of New York City, General Term.* June 20, 1888.)

CARRIERS OF PASSENGERS—NEGLIGENCE—INJURY TO PERSONS NOT PASSENGERS.

In an action against a street-railroad company for injuries caused by the negligence of defendant's servants, there was evidence that plaintiff accompanied her daughter into defendant's car; that the daughter told the conductor, who was on the platform, that plaintiff was not a passenger; that plaintiff turned, and proceeded to leave the car, and, as she was stepping off the platform, the conductor rang the bell, and the car started, throwing plaintiff upon the street. *Held,* that the case should have been submitted to the jury.[1]

Appeal from jury term; FREEDMAN, Judge.

Action by Anna Rott against the Forty-Second Street & Grand Street Ferry Railroad Company for personal injuries sustained through negligence of defendant's servants. On March 22, 1886, plaintiff accompanied her daughter to see her on board defendant's car. The car stopped, and they both got on the platform, where the conductor was, and where he remained until after the accident. The case was tried before a jury, and at the conclusion of the testimony the court dismissed the complaint on the merits; and from the judgment entered against her plaintiff appeals.

Argued before SEDGWICK, C. J., and INGRAHAM, J.

*John Fennel,* for appellant. *Freling H. Smith,* for respondent.

PER CURIAM. The action was for damages for negligence alleged in the complaint. The plaintiff, according to her own testimony and that of her daughter, accompanied her daughter into a car of defendant. The daughter testified that she told the conductor that the plaintiff was not a passenger, and the plaintiff turned, and proceeded to leave the car. At a point where she was about to step from the platform down to the street, as she testified,

---

[1] A common carrier of passengers is bound to only exercise ordinary care towards a person who does not stand in the relation of a passenger. Railroad Co. v. Wheeler, (Kan.) 10 Pac. Rep. 461.

The duty of the carrier to one who is not a passenger, while in the act of alighting, is relative, and not absolute, and the liability of the company depends upon a failure to use ordinary care after actual notice of his danger. Griswold v. Railway Co., (Wis.) 26 N. W. Rep. 101.

the conductor rang the bell. The car moved forward, and the motion threw the plaintiff upon the street. At the end of the testimony the learned judge thought that there was not enough testimony to justify the jury in finding that the conductor had any reason to think that the plaintiff did go upon the car as a passenger, or that he knew that she was proceeding to leave the car, or intended to leave it, at the time he rang the bell. The declaration to the conductor that the plaintiff was not a passenger, accompanied with circumstantial evidence, such as the place where he stood, his field of vision, and the probability of the direction of his observation in the ordinary performance of his duty, made the case such that it should have been submitted to the jury. The judgment is reversed, and a new trial ordered, with costs to abide the event.